# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   **v.**                                         **Case No. 16-CR-10**

**JARVIS GARRETT**
        **Defendant.**

## DECISION AND ORDER

The government charged defendant Jarvis Garrett with felon in possession of a firearm. 18 U.S.C. § 922(g)(1). Defendant moved to suppress the gun, recovered by police from his vehicle after a traffic stop. Defendant argued that the police lacked probable cause for the traffic stop and that, even if the stop was valid, they lacked probable cause to search the car. The magistrate judge handling pre-trial proceedings in this case received a stipulation of facts regarding the officer's observations preceding the stop, maps of the area in which it occurred, and a police squad dash-cam video of the actual stop and search, then issued a recommendation that the motion be denied. Specifically, she concluded that the officer had probable cause to stop defendant for making an illegal left turn, and that the officer saw the firearm (in the driver's side door pocket) in plain view.

Defendant objects to the magistrate judge's finding as to the validity of the stop, requiring me to review that issue de novo. Fed. R. Crim. P. 59(b)(3). However, he does not object to the recommendation regarding the search and thus has waived further review of that issue. Fed. R. Crim. P. 59(b)(2).

**I.**

The magistrate judge set forth the following undisputed facts:

On October 28, 2015, Police Officer Edward Tyrpak stopped his squad car at a red light at the intersection of Harmonee Avenue and Harwood Avenue in Wauwatosa. While stopped at the red light, Officer Tyrpak saw a car traveling in the right-turn only lane to go onto westbound Harwood Avenue. Officer Tyrpak saw the vehicle go partially into the intersection from the right-turn only lane, and then make a left turn. The vehicle traveled directly in front of Officer Tyrpak's squad car that was still stopped at the red light. Officer Tyrpak then followed the vehicle and made a traffic stop nearby at 1220 Dewey Avenue.

After Garrett [the driver] provided his driver's license, Officer Tyrpak did a standard records check. He learned that Garrett was a convicted felon and held an open warrant for knowingly violating a domestic abuse injunction. Officer Tyrpak and Officer Marcus Klink – who had come to the scene – directed Garrett to exit his vehicle. Garrett opened the driver's door, and then Officer Tyrpak briefly flashed his flashlight at the driver's door pocket. Officer Tyrpak saw the handle of a firearm in the pocket of the driver's door. Officer Tyrpak, with the assistance of Officer Klink, then handcuffed Garrett. After handcuffing him, Officer Tyrpak said, "What's with the gun?" Officer Tyrpak removed the firearm, a 9 mm Ruger with a fully loaded magazine, from the driver's door.

(R. 34 at 1-2, record citations omitted.)

**II.**

As indicated above, the only issue before me is the validity of the stop. The police may conduct a stop based on reasonable suspicion of a traffic violation. See, e.g., United States v. Miranda-Sotolongo, 827 F.3d 663, 666 (7th Cir. 2016). While a stop cannot be based on a mere hunch, id., the officer need not be absolutely certain of a violation, id. at 669. "[T]he degree of suspicion needed to justify a traffic stop is 'considerably less than proof of wrongdoing by a preponderance of the evidence,' and 'obviously less' than that needed for probable cause." Id. (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)); see also Heien v. North Carolina, 135 S. Ct. 530, 536 (2014).

2

Wisconsin's traffic code provides: "The approach for a left turn or U-turn shall be made in the lane farthest to the left which is lawfully available to traffic moving in the direction of travel of the vehicle about to turn left. Unless otherwise marked or posted, this means the lane immediately to the right of the center line or center dividing strip of a 2-way highway and the lane next to the left-hand curb or edge of the roadway of a one-way highway." Wis. Stat. § 346.31(3)(a). It is uncontested that Officer Tyrpak saw defendant drive in a right turn only lane on Harmonee Avenue (as if to proceed west on Harwood Avenue), partially enter the intersection, and then turn left (east) onto Harwood. The maps of the scene show that there is a dedicated left turn lane from Harmonee into Harwood (see R. 31 at 4, Map 4); defendant did not turn from this lane. These circumstances gave Tyrpak reasonable suspicion, if not probable cause, to believe that defendant violated Wisconsin's rule on left turns. As the magistrate judge noted, the absence of signs or markings on the pavement designating the right turn lanes is of no moment under the statute.

In his objections, defendant argues that his driving did not violate a "bright line" traffic law, such as running a red light or even failing to properly signal. Section 346.31(3)(a) states unequivocally that left turns shall be made from the lane farthest to the left; that this traffic rule may be less well known than others is also of no moment. Defendant further argues that his left turn was not unsafe. But defendant was not stopped for reckless or unsafe driving, and nothing in § 346.31(3)(a) says that a driver can turn left from the right lane so long as it is safe to do so. Finally, defendant argues that the facts do not establish a "clear cut" violation of the traffic law giving rise to grounds for a stop. As indicated above, an officer need not be certain of a violation before he conducts a stop; reasonable suspicion will suffice, and Officer Tyrpak's observations more than met that standard here. See Heien, 135 S. Ct. at 539-40 (upholding

3

stop based on objectively reasonable belief of a traffic violation).

**III.**

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 34) is adopted, and defendant's motion to suppress (R. 23) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of October, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

4

Case 2:16-cr-00010-LA    Filed 10/07/16    Page 4 of 4    Document 39